# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JEROME A. POLK<br>　　　LA. DOC #120503 | CIVIL ACTION NO. 09-0019 |
| VS. | SECTION P |
| | JUDGE JAMES |
| RICHWOOD CORRECTIONS CENTER,<br>ET AL. | MAGISTRATE JUDGE HAYES |

## *REPORT AND RECOMMENDATION*

*Pro se* plaintiff Jerome A. Polk, proceeding *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on November 25, 2008.[1]  Plaintiff is an inmate in

the custody of Louisiana's Department of Public Safety and Corrections (LDOC); he is currently

incarcerated at the Allen Corrections Center, Kinder, Louisiana; however, when he filed this

complaint he was imprisoned at the Franklin Parish Detention Center, Winnsboro, Louisiana. He

complains that various items of personal property were lost or stolen while he was incarcerated at

the Richwood Corrections Center, Monroe, Louisiana.  He sues the Richwood Corrections

Center (RCC), and Wardens Allen and Tillery.  He prays for the return of his property or to be

compensated for its loss. This matter has been referred to the undersigned for review, report, and

recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of

the court. For the following reasons it is recommended that the complaint be **DISMISSED**

**WITH PREJUDICE** as frivolous.

---

[1] Plaintiff filed his complaint in the United States District Court for the Eastern District of Louisiana; however, since the action arose within the geographical boundaries of this Court, the matter was transferred pursuant to 28 U.S.C. §§1406(a) and 1404(a).

## Background

Plaintiff is an inmate in the custody of the LDOC. In June 2008, while he was incarcerated at RCC, he was transported to the E. A. Conway Hospital for back surgery. Upon his return from surgery he was housed in a holding cell for a period of 30-days. Various items of plaintiff's personal property[2] remained in the dorm plaintiff occupied before the surgery. Plaintiff claims that despite numerous requests to the Wardens, his property has not been returned. Jail authorities maintain, however, that the property was returned.

## Law and Analysis

### 1. Screening

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the

---

[2] See rec. doc. 1, p. 8 which provides an itemized list of the property in question with an estimated value of $2,436.91.

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has pleaded all the facts necessary to complete an initial review; he need not be afforded an opportunity to amend, because, accepting all of plaintiff's allegations as true, the undersigned concludes, for the reasons stated hereinafter, that his complaint is frivolous.

### 2. Parratt/Hudson

Plaintiff claims that various items of personal property – jewelry, electronics, tobacco, clothing, and groceries – were lost or stolen while he was recovering from surgery and housed in the RCC holding cell.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States" *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Plaintiff's claim implicates the due process clause of the Fourteenth Amendment. The Due Process Clause provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." United States Constitution, Amendment XIV. Here, plaintiff implies that he was deprived of property without due process.

A claim for random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.*, 451 U.S. at 536-37, 101 S.Ct. at 1913.

The Due Process Clause does not embrace tort law concepts. Although a litigant may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford such a remedy. *Daniels v. Williams,* 474 U.S. 327, 335, 106 S.Ct. 662, 667, 88 L.Ed.2d 662 (1986). Even in instances where intentional deprivation occurs, as implied herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated, so long as the deprivation was "random." *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson Doctrine*) rests on the premise that because

the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

In this case, plaintiff's allegations, accepted as true for purposes of this evaluation, demonstrate that a random and unauthorized deprivation occurred when plaintiff's personal property was either lost or stolen. Thus, since plaintiff's loss was the result of a random and unauthorized deprivation, he is not entitled to relief pursuant to §1983 if adequate state law remedies are available.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence or for the intentional torts committed by the defendants. See La. Civil Code article 2315. This provision of state law, which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Plaintiff's claim lacks an arguable basis in law and therefore this claim should be dismissed as frivolous.

### 3, Conclusion and Recommendation

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, July 14, 2009.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE